IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN A. IRELAND,

        Plaintiff,                      No. 2:12-cv-0488 JAM CKD P

    vs.

SHASTA COUNTY SHERIFF'S DEPT., et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel (pro se). He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect an initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names two defendants: the Shasta County Sheriff's Department and the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleges that he was brought to the Shasta County courthouse from Susanville State Prison regarding an appeal, and was supposed to be released on that day. Instead, he was held for two weeks in the Shasta County jail "as a civilian" waiting to be released. At the end of this period, he was "picked up by CDCR for transfer back to prison. After showing them my release paper documentation I was told to shut up." Plaintiff allegedly was shackled and transported to the California Correctional Center in Susanville. Four days later, he was told that "CDCR had made an error and that they were not supposed to have brought me back. I was put on the bus that following morning and had to pay with my own money to get home after their mistake." Plaintiff seeks monetary damages for the period he was allegedly wrongfully incarcerated after his release date. (Dkt. No. 1 at 3.)

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In a case where a prisoner has been unlawfully detained, the court must determine if the detention was the result of a "random act" or "an official practice and procedure." Haygood v. Younger, 769 F.2d 1350, 1359 (9th Cir. 1985.) Where the wrongful detention is the result of "affirmatively enacted or de facto policies, practices or customs, the court must determine when the responsible state officials received notice of a claim that a wrong was being done." Id. However, if the detention was a result of a negligent act by an official then the Due Process Clause is not implicated. Daniels v. Williams, 474 U.S. 327, 328 (1986). If the act of a defendant is merely negligent, it would not rise to a constitutional violation and any potential remedy would lie in state law. Id. at 333. Plaintiff has

3

failed to allege facts that would state a claim based upon an "official practice or procedure" that caused the deprivation of his liberty interest. See Williams v. Hense, 2010 WL 4362854 at *2 (E.D. Cal. 2010) (dismissing § 1983 claim seeking money damages against prison where plaintiff alleged he was unlawfully detained for 101 days).

The complaint should also be dismissed for the independent reason that the two named agency defendants are immune from suit. Plaintiff's claims against CDCR are barred by the doctrine of sovereign immunity. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against CDCR are frivolous and must be dismissed.

Plaintiff also names a local government entity, the Shasta County Sheriff's Department, as a defendant. Municipalities (and their departments) may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Haugen v. Brosseau, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and city police department under Monell ). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." Ortez v. Wash. County, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690–91. Here, as noted above, plaintiff's allegations do not concern an official policy or custom of the sheriff's department. Thus the complaint must be dismissed as to

this defendant as well.

Plaintiff will be granted 30 days to file an amended complaint. If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation, filed concurrently herewith.

3. The complaint (Dkt. No. 1) is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.

\\\\\

1  Failure to file an amended complaint will result in a recommendation that the action be
2  dismissed.
3   Dated: June 4, 2012
4  _____
5  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

9  2
   irel0488.B